IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

CARLOS OSCAR DIAZ-DIAZ,

    **Petitioner**

        v.

UNITED STATES OF AMERICA,

    **Defendants**

**CIVIL NO.** 10-1301 (JAG)

**CRIM. NO.** 99-044 (JAG)

## OPINION & ORDER

Garcia-Gregory, D.J.

Before the Court stands Petitioner's Motion for *habeas corpus* relief pursuant to 28 U.S.C. § 2255. (D.E.1).[1] Although the Government was granted an extension of time, it never filed a response (D.E. 4 & 5).[2] For the reasons discussed below, the Court **DENIES** petitioner's motion with prejudice.

## BACKGROUND

On September 2, 2003, Petitioner Carlos Oscar Diaz-Diaz (hereinafter "Petitioner" or "Diaz-Diaz") was sentenced to a term of imprisonment of two hundred and twenty eight (228) months. Petitioner had previously pled guilty to violations of

---

[1] D.E. is an abbreviation of docket entry number.
[2] The Court is still awaiting an explanation as to why the appearing AUSA in this matter chose to ignore this Court's directive.

18 U.S.C. § 924(j) and 2 - aiding and abetting in using and carrying firearms during and in relation to a crime of violence, specifically extortion, which resulted in the death of a person (Crim. D.E. 750).[3]

On September 5, 2003, Judgment was entered (Crim. D.E. 750). Petitioner never filed an appeal of his conviction; therefore Diaz-Diaz's conviction became final after ten (10) days, pursuant to Rule 4(b)(1)(A)(I) of the Federal Rules of Appellate Procedure.

On June 23, 2005, Petitioner, through his counsel, filed a Motion to Set Aside Sentence or to Vacate Sentence Pursuant to § 2255 (Crim. D.E. 813).[4] On August 4, 2005, the Court denied said motion (Crim. D.E. 814).[5]

On March 15, 2010, Petitioner gave to a prison official a Motion in Request for Relief from Void Judgment Pursuant to Rule 60(b)(4). The same was received and filed on March 19, 2010 (Crim. D.E. 835). On April 6, 2010, the Court ordered the

---

[3] Crim. D.E. is an abbreviation for criminal docket entry.
[4] The motion had one (1) paragraph that simply stated: "Defendant-Petitioner Carlos O. Diaz-Diaz respectfully moves this Honorable Court, sentencing U.S. District Judge, to vacate, set aside or correct his criminal sentence pursuant to Blakely v. Washington 542 U.S. ___ (06/24/2004) and Dodd v. U.S. 545 U.S. ___ (06/20/2005)." (Crim. D.E. 813).
[5] The Court gave three reasons for its denial : (1) the motion was devoid of any facts or argument; (2) petitioner did not appear to have a viable claim; and (3) the motion was time-barred. (Crim. D.E. 814).

Government to respond to said motion (Crim. D.E. 837). On April 8, 2010, the Government requested an extension of time to respond (Crim. D.E. 844).

On April 9, 2010, the Court, upon review of the Rule 60(b)(4) motion, issued an order directing the Clerk of the Court to file said motion as a Motion to Set Aside Judgment pursuant to Title 28, United States Code, Section 2255 (Crim. D. E. 845). On April 23, 2010, Petitioner filed a Motion for Reconsideration of the Court's Order re-classifying and properly filing his motion as a § 2255 Petition (Crim. D.E. 848).[6] On April 26, 2010, the Court ordered stricken from the record the motion requesting extension of time to respond, previously filed by the Government and instructed the Government to file the same in the now-civil 2255 petition case, Civil No. 10-1301(JAG) (Crim. D.E. 853). On April 26, 2010, the Government followed the Court's instructions and filed the extension of time in Civil No. 10-1301 (D.E. 4). To date no response has been filed. On May 4, 2010, the Court issued its Order denying the Reconsideration (Crim. D. E. 854).

On May 17, 2010, Petitioner filed a Notice of Appeal as to the Court's denial of the Reconsideration (Crim. D. E. 855). On August 13, 2010, the First Circuit Court of Appeals issued its

---

[6] In his motion, petitioner acknowledges the fact that as a Section 2255 Petition his motion would be time barred.

Judgment dismissing Petitioner's appeal (Appeal No. 10-1770, August 13, 2010). As such, pending before the Court is Petitioner's Section 2255 Petition (D.E.1).

**DISCUSSION**

Statute of Limitations

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) went into effect on April 24, 1996. AEDPA established a limitations period of one year from the date on which a prisoner's conviction becomes "final" within which to seek federal *habeas* relief. Congress intended that AEDPA be applied to all § 2255 petitions filed after its effective date. Pratt v. United States, 129 F.3d 54, 58 (1st Cir. 1997).

In the case at hand, taking the dates of entry of Judgment and reviewing the tolling of the applicable statute of limitations in the light most favorable to Petitioner, it is clear that his judgment of conviction became final ten days following entry of judgment. This would have been the allotted time limit for Petitioner to file his Notice of Appeal. Kapral v. United States, 166 F.3d 565 (3d Cir. 1999).

Petitioner's Judgment was entered September 5, 2003 - this means that on September 15, 2003, his conviction became final and the one year statute of limitation began to accrue.

Therefore, Petitioner had until September 15, 2004, to timely file his section 2255 petition. However, Diaz-Diaz did not provide his petition to prison guards until March 15, 2010, over five (5) years after the one (1) year statute of limitations had expired. Hence, the same is time barred.

Petitioner would like this Court to entertain his argument of his Motion for Reconsideration (Crim. D.E. 848); namely, that this Court could not *sua sponte* re-classify his original Rule 60 motion as a § 2255 Petition. Petitioner alleges that prior to entering that order, the Court would have to provide him with notice of the adverse effect the order would have. Diaz-Diaz is well aware that as a § 2255 Petition, his request for relief would be time barred as he so states in his Motion for Reconsideration. The Court is not persuaded by Petitioner's argument.

The re-classification of motions in order for them to be properly filed as § 2255 Petitions is a matter already settled by the First Circuit Court of Appeals. The Circuit Court has made it clear that it is essential for courts to plot, and then patrol, the boundaries between § 2255 and the universe of writs. Otherwise, artful pleaders will tiptoe around those boundaries and frustrate Congress's discernible intent. Trenkler v. United States, 536 F.3d 85, 97 (1st Cir. 2008). In carrying out this

duty, courts must be guided by the principal that substance trumps form. "Thus, any motion filed in the district court that imposed the sentence, and substantively within the scope of Section 2255, is a motion under Section 2255, no matter what title the prisoner plasters on the cover." Id. at 97 (citing Melton v. United States, 359 F.3d 855, 857 (7th Cir. 2004)).

Following this approach, courts regularly re-characterize imaginatively captioned petitions to reflect that they derive their essence from § 2255 and, thus, must satisfy the section's gatekeeping provisions. See United States v. Winestock, 340 F.3d 200, 206-208 (4th Cir. 2003) (re-characterizing a self-styled Rule 60 (b) motion).

An analysis of the substance of Diaz-Diaz's Petition leaves no doubt that regardless of its label, the Petition falls clearly within the bounds of § 2255. Petitioner's motion is brought by a federal prisoner still in custody, challenging his sentence as well as the performance of his counsel, and alleging his sentence was beyond the scope of the statute of conviction.

There is no doubt that Diaz-Diaz's motion is in fact a § 2255 Petition for relief, and as such, the same is untimely.

Successive filings

Petitioner's § 2255 motion confronts an additional problem. The First Circuit Court has clearly stated that a motion made under Rule 60(b) of the Federal Rules of Civil Procedure for relief from judgment previously entered in a § 2255 proceeding "should be treated as a second or successive habeas petition if-and only if-the factual predicate set forth in support of the motion constitutes a direct challenge to the constitutionality of the underlying conviction." Muñoz v. United States, 331 F.3d 151, 152 (1st Cir. 2003) citing Rodwell v. Pepe, 324 F.3d 66 (1st Cir. 2003).

A review of the motion in question leaves no doubt that Diaz-Diaz is precisely challenging the constitutionality of the underlying conviction.  This, along with his previous § 2255 motions (Crim. D.E. 813 & 814), make Petitioner's current motion before the Court a successive habeas petition. This provides an additional basis for the Court to deny the present petition.

The AEDPA requires a federal prisoner, before proceeding with a second or successive habeas petition in the district court, to obtain from "the appropriate court of appeals … an order authorizing the district court to consider the application." See Rainer v. United States, 233 F.3d 96, 99 (1st Cir. 2000).  Petitioner did not seek nor obtain the required

authorization from the First Circuit Court of Appeals; therefore, this Court lacks jurisdiction over his Rule 60(b) motion and the same cannot be entertained. See Muñoz v. United States, 331 F.3d 151 (1st Cir. 2003).

## CONCLUSION

For the reasons stated, the Court concludes that Petitioner Diaz-Diaz is not entitled to request federal habeas relief on the claim presented. Accordingly, the Court DENIES petitioner's request for habeas relief under 28 U.S.C. § 2255, and his Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255 is DISMISSED WITH PREJUDICE.

It is further ordered that **no certificate of appealability should be issued** in the event that Petitioner files a notice of appeal because there is no substantial showing of a denial of a constitutional right within the meaning of 28 U.S.C. § 2253(c)(2).


IT IS SO ORDERED.

In San Juan, Puerto Rico, this 26th day of April, 2012.

S/ Jay A. Garcia-Gregory
JAY A. GARCIA-GREGORY
United States District Judge